# H. McMillan *v.* Federal Street & Pleasant Valley Passenger Railway Company, Appellant.

*Negligence—Street railways—Rules and regulations—Standing on platform—Ejection of passenger.*

A rule of a passenger railway company forbidding passengers to stand on the platform when there is room inside the car, is a reasonable regulation.

While cases may arise in which such a rule could not be reasonably enforced, or an immediate compliance with it required, the necessity for the enforcement of the rule is not to be determined by the passenger, but by the conductor.

A passenger on a street railway car has no right to complain of the enforcement of a reasonable rule by the conductor, unless he has stated to the conductor an adequate reason for its suspension in his case.

A rule of a street railway company forbade passengers to stand upon the platform when there was room inside the car. Plaintiff, a passenger upon a car while standing upon the platform, was requested by the conductor to go into the car where there was room. He refused to do so, saying that "he was not going far enough to go in," and that "it was not worth while to go in." When asked by the conductor how far he was going his only reply was "not far." During the controversy he rode some distance, and then he was put off the car, and immediately attempted to board it again. While he was attempting to get on the car, the conductor held his foot in a position to push the plaintiff away from the platform, but plaintiff stated that he was not struck or kicked. *Held*, that the plaintiff was not entitled to recover damages from the railroad company.

Argued Oct. 24, 1895. Appeal, No. 139, Oct. T., 1895, by defendant, from judgment of C. P. No. 2, Allegheny Co., April Term, 1894, No. 725, on verdict for plaintiff. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ. Reversed.

Trespass for alleged wrongful ejection of plaintiff from a street car. Before Magee, J.

At the trial it appeared that plaintiff while riding on a street car of defendant on March 7, 1894, refused the conductor's request to enter the car where there was room, and persisted in riding on the platform. A rule of the company forbade passengers to stand on the platform when there was room inside the car. Other facts appear by the opinion of the Supreme Court.

The court charged in part as follows:

[Now in this case there is no special damage done. The only thing that has been of any harm to him are some little bruises, of which he does not complain especially, any more than saying that he was bruised about the shoulders and was kicked about the legs, things which did not permanently or seriously injure him or cause him to suffer any pain beyond the pain of the blow at the time; and the other ground of complaint that he had a wrong done to him in the disgrace, whatever it might amount to, in being ejected from a car in which he had thought he had, or perhaps under the evidence in this case, in which he had a right to continue his trip. These are the two questions. Now the ordinary rule with reference to damages is, that merely compensatory damages should be awarded,—that is what will make the man whole for any injury he may have sustained. That is the ordinary rule, and applies to the ordinary case. Where there has been any specially outrageous, or unnecessary and unreasonable force used, then it may come to a question of vindictive damages,—damages he can obtain as a solace to the injuries to his feelings, and as a reason why more care should be used in exercise of power or authority by men who have the position of conductor or the employees on a railway car.

Now, I don't think I need to say anything more on the subject. There are rights in the public in traveling, and there are rights in the company in providing reasonable rules, and if they violate the rights of others, they do a wrong, and are liable to damages, but the compensation must be considered with reference entirely to the damage that has been sustained; what it would be if it is of a vindictive character, or such reasonable damages as a jury would fix for an injury which has been done.] [1]

Defendant's point was as follows:

1. Under all the evidence in this case, the verdict should be for the defendant. *Answer:* Refused. [2]

Verdict and judgment for plaintiff for $370.83. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*W. P. Potter, Wm. A. Stone* with him, for appellant.—The rule of the company requiring passengers to keep off the platform so long as there are seats inside, is a reasonable one. Many accidents have happened to passengers by being thrown from the platform while the cars were rounding curves; and the defendant company is peculiarly liable to accidents from this cause, owing to the great number and sharpness of its curves.

It was wrong in the jury to allow punitive damages in this case. Where there is a reasonable excuse for the defendant, arising from the provocation or fault of the plaintiff, but not sufficient entirely to justify the act done, there can be no exemplary damages, and the circumstances of mitigation must be applied to the actual damages: Robinson v. Rupert, 23 Pa. 523; Phila. Wil. & Balt. R. R. v. Hoeflich, 62 Md. 300; P. W. & B. R. R. Co. v. Rice, 64 Md. 63.

*W. A. Hudson,* of *Hudson & McCue, H. McDowell* with him, for appellee.—Plaintiff's reason for not going in the car was reasonable and proper: P. C. & St. L. Ry. Co. v. Lyon, 123 Pa. 140.

The evidence in this case shows conclusively that the injury complained of was caused by the defendant's willful misconduct, and total indifference to consequences. The damages should be punitive: L. S. & Mich. Southern Ry. Co. v. Rosenzweig, 113 Pa. 519; P. C. & St. L. Ry. v. Lyon, 123 Pa. 140; Huling v. Henderson, 161 Pa. 553.

OPINION BY MR. JUSTICE FELL, January 6, 1896:

The reasonableness of the rule of the defendant company forbidding passengers to stand on the platform when there was room inside the car seems to have been conceded at the trial. The questions submitted to the jury were whether under the circumstances the plaintiff was excused from complying with the rule, and whether unnecessary force was used in putting him off the car. While the testimony as to a part of the occurrence was conflicting, the main facts are clear of doubt. The plaintiff was asked by the conductor to go from the platform to the inside of the car, where there were vacant seats which were pointed out to him. He refused to do so. He knew of the rule of the company which forbade passengers to

stand on the platform when there was room in the car, and if his attention was not called to it at that time he understood fully that the conductor's request had reference to the rule and that it was his duty to enforce it. After some discussion and the plaintiff's final refusal to comply with the request made, the car was stopped and he was told that he must either go inside or get off. He persisted in his refusal to do either, and was put off. When the car was started he attempted to get on and was resisted by the conductor, who pushed him away from the platform. He was not injured. The force used was to loosen his hold from the railing, to remove him from the platform, and to prevent him from boarding the car again while it was in motion. These facts were either admitted or so clearly established by the testimony as to be beyond dispute. It remains to consider whether under the circumstances it was unreasonable to enforce the rule, and whether unnecessary force was used in ejecting the plaintiff from the car.

The rule of the company was a reasonable one, intended to secure the safety and comfort of passengers. It was the duty of the plaintiff to obey it and the right of the company to enforce it. Cases might arise in which it would seem that the rule should not be rigidly enforced, or an immediate compliance with it required, as where the passenger was at the point of alighting and his presence for a few moments on the platform would not endanger or inconvenience any one. But the necessity for the enforcement of the rule is not to be determined by the passenger. A rule that might be suspended at his will would cease to be a rule. The management of the car in all matters which relate to the conduct of passengers is with the conductor, and ordinarily the enforcement or suspension of a rule must rest with him. A passenger in any event would have no right to complain of the enforcement of a reasonable rule unless he had stated to the conductor an adequate reason for its suspension in his case. This the plaintiff did not do. He testified that he told the conductor that he was not going far enough "to justify" him in going into the car, because if he went in and sat down he would have to come right out again; that he would be at his stopping place, and there was no use in his going in; that he "was not going far enough to go in" and "it was not worth while to go in." When asked

by the conductor how far he was going his only reply was, "Not far." This was coupled with the assertion that he would not go in. His statement that he was not going far, with his refusal to say how far, gave the conductor no information. He might have meant a square or a mile. That he rode some distance during the controversy before the car was stopped and afterwards attempted to get on and finish his journey cast serious doubt upon his good faith and confirmed the suspicion of want of candor which his previous conduct had indicated. He undertook to make himself the judge of the necessity for the enforcement of the rule. In this he was wrong.

The learned judge was inaccurate in stating in the part of his charge which is the subject of the first specification of error that the plaintiff had testified that he had been kicked. No such statement appears in his testimony. There was testimony given by others that he had been kicked, due no doubt to the fact that the conductor held his foot in a position to push the plaintiff away from the platform when he attempted to get on the car while it was in motion. The plaintiff testified that the conductor alone put him off the car; that it was done by pushing him, that he did not know that the motorman touched him. He distinctly and repeatedly stated that he was not aware of being struck or kicked, and that as far as he knew he was not. There is no evidence to justify the conclusion that there was any wanton or reckless conduct on the part of the conductor, and the plaintiff complained of none. The whole of his complaint was that he had been put off, not the manner in which it was done.

When the plaintiff resisted the conductor in the proper performance of his duty he made the use of force necessary, and if in the struggle which followed there was not an exact and delicate adjustment of it to the end in view he has no ground for complaint.

The assignments of error are sustained and the judgment is reversed.